UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-------------------------------------------------------------------X
PHH MORTGAGE CORPORATION,

Plaintiff,

-against-

**ORDER**
25-cv-5889 (JMA) (AYS)

JACQUELINE B. SWAINE, and Secretary Of Housing and Urban Development,

Defendant.
-------------------------------------------------------------------X

**AZRACK, United States District Judge:**

The instant action was brought to foreclose on a reverse mortgage encumbering the property at 64 Forge Lane, Coram, NY (the "Property"). (See ECF No. 1.) This Before the Court is the motion of plaintiff PHH Mortgage Corporation (the "Plaintiff") for Default Judgment of Foreclosure and Sale against defendant Jacqueline Swaine ("Defendant") pursuant to Federal Rule of Civil Procedure 55.[1] For the reasons stated herein, Plaintiff's motion is GRANTED. The Court will enter the requested Judgment of Foreclosure and Sale, as amended by the Court.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

[1] Plaintiff did not identify or serve any John Doe defendants and has requested that the caption be amended accordingly. (See ECF No. 23-3 at 8.) That request is granted. The Court dismisses John Does #1–12 and strikes those John Does from the caption. The Clerk of the Court is respectfully directed to amend the caption accordingly. The Secretary of the United States Department of Housing and Urban Development ("the Secretary") entered into a stipulation with Plaintiff in which the Secretary did not contest the foreclosure, but reserved its claim to any surplus funds from the sale.

**B. Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (N.Y. App. Div. 2d Dep't 2005)). Here, Plaintiff appended to the Complaint copies of the relevant mortgage documents, including the mortgage note and the assignment of that mortgage to Plaintiff, as well as the notices sent to Defendant. (ECF No. 1.) This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Defendant's liability. Thus, Plaintiff has established its right to foreclose upon the Property and a judgment of foreclosure and sale will be entered appointing Plaintiff's recommended referee, Melissa D. Mohan, Esq., as Referee to effectuate the sale of the Property. Public notices of the sale shall be given in both the Long Island Advance and Newsday. As set forth in the Judgment of Foreclosure and Sale, the Referee must file her report of the sale with the Clerk of Court through ECF.

**C. Damages and Other Relief**

Plaintiff maintains that Defendant owes $219,320.70 on the Note and Mortgage, along with attorney's fees, costs, and additional interest from February 21, 2026 through the date of the judgment.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied

Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "A hearing is unnecessary where the record contains a detailed affidavit and documentary evidence permitting the Court to evaluate the proposed sum and determine an award of damages." Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Richmond Cnty. Pub. Adm'r, 768 F. Supp. 3d 488, 497 (E.D.N.Y. 2025).

Plaintiff maintains that the total amount Defendant owes on the Note and Mortgage is $219,320.70. (See ECF Nos. 23-1, 23-5.) Plaintiff also seeks $6,800 in attorney's fees and $910 in costs. The Court finds that Plaintiff's submissions, including the Affirmation from Lisa Silva, (ECF No. 23-5), together with the exhibits annexed to the Complaint and attached to the motion for default judgment, establish the requested damages to a reasonable certainty. Accordingly, Plaintiff is awarded a total of $227,030.70, which includes attorney's fees and costs. The Court also finds that Plaintiff is entitled to additional interest on the $219,320.70 at the interest rate of 4.51% from February 21, 2026 through November 12, 2026. (ECF No. 23-21.)

For the reasons stated above, Plaintiff's motion for a Default Judgment of Foreclosure and Sale against the Defendants is GRANTED. Plaintiff appoints Melissa Mohan, Esq., as Referee. In conjunction with this Order, the Court is entering a Judgment of Foreclosure and Sale. The Clerk of Court is directed to close this case.

Plaintiff is directed to mail a copy of this Order and the Judgment of Foreclosure and Sale to Defendant at both 64 Forge Lane, Coram, NY 11727 and 511 Jayne Blvd., Port Jefferson Station, NY 11776. Plaintiff shall promptly file proof of mailing on ECF.

**SO ORDERED.**

Dated: November 12, 2026
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE